# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JEREMY LEE BEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| TRIDENT MARKETING, | ) | 1:18CV581 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeremy Lee Bean ("Bean") filed the instant action against Trident Marketing ("Trident"), alleging retaliation and wrongful termination in violation of "the Civil Rights Act". (Compl. [Doc. #2]; Civil Cover Sheet [Doc. #3].) This matter is before the Court on Trident's Motion to Dismiss for Failure to State a Claim [Doc. #8]. For the reasons explained below, Trident's Motion to Dismiss is GRANTED.

I.

Bean, acting pro se, makes three factual allegations in his Complaint. First, he alleges he was "told numerous times by the sales manager and assistant sales manager, how I needed to be replaced by a nice looking girl with a bubbly attitude and big boobs." (Compl., Statement of Claim, #1.) Second, Bean alleges the assistant sales manager "would sit at home and call my personal cell phone while I was at work, then text and email me. keeping me at work with harassment over stuff I had already done," causing him to stay longer than the "sixteen to twenty

hours" he had already worked. (Id. #2.) Finally, Bean alleges that "[w]hen supervisors were informed of the harassment I was fired, instead of them following the company Handbook." (Id. #3.) Bean does not state in his Complaint what law he believes Trident violated, (see generally id.); however, in the Civil Cover Sheet filed concurrently with his Complaint, he writes that he is bringing the action under the Civil Rights Act of 1964, (Civil Cover Sheet).

Trident argues that even if the Complaint is liberally construed to account for Bean's status as a pro se plaintiff, his Complaint contains only conclusory allegations without a legal basis and no facts are alleged concerning Plaintiff's race, color, national origin, religion or sex. (Def.'s Br. in Supp. of Mot. to Dismiss ("Trident's Brief") [Doc. #9] at 5.) Furthermore, Trident argues that even if the Court infers "legal theory" that is not expressly stated in the Complaint, Bean fails to establish a prima facie case of either retaliation or wrongful termination under Title VII of the Civil Rights Act. (Id. at 6-9.)

Bean untimely responded to Trident's motion, urging the Court to "dismiss" the motion. (See Pl.'s Resp. in Opp. Re: Mot. to Dismiss for Failure to State a Claim ("Bean's Response") [Doc #13].)[1] Per Local Rule of Civil Procedure 7.3(k),

---

[1] Bean's Response contains a Certificate of Service stating that he filed his response electronically through CM/ECF on February 4, 2019, but no such filing is evidenced on the Court's electronic docket. Counsel for Trident received a copy through the mail and subsequently mailed a hard copy to the Court. (See Doc. #13, Attachment 1 (Cover Letter from Defense Att'y).) Even if Bean had electronically docketed his response on February 4, 2019, it would have been approximately six months past the response deadline of August 23, 2018. (See Roseboro Letter Re: Right to Respond to Mot. to Dismiss (Aug. 7, 2018) [Doc. #11].)

2

"[t]he failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect." The rule further states, "[i]f a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." L.R. Civ. P. 7.3(k).

In his response, Bean makes no argument to support excusable neglect, (see generally Bean's Resp.), but in consideration of his status as a pro se plaintiff, the Court will consider Bean's untimely response in analyzing Trident's motion. See Catharine W. v. Sch. Bd. of City of Va. Beach, No. 2:17CV645, 2018 WL 4474688, at *5 n.5 (E.D. Va. Sept. 4, 2018) ("In deference to Mr. El-Amin's pro se status, the Court will consider Mr. El-Amin's untimely Reply in its analysis of his motion.")

In his response, Bean argues that his allegations show Trident's "total disregard for federal law Title VII of the Civil Rights Act," that in Trident's handbook "it states anyone who harasses anyone else will be fired there is zero tolerance, yet after the complaint and over a year later they are still employed," and that "the emphasized harassment was overlooked by Trident Marketing." (Bean's Resp. at 1.) Additionally, Bean provides information entitled "Facts in the Case" where he states:

> 1. I am a male. Though on page 8 of the request for dismissal I'm referred to as a female where in the rest of the request I'm referred to as a male.

3

> 2. Adverse Employment. I was fired.
> 3. Work performance, I trained the person that was to replace me, which was a female (who was fired due to her age "to old to do this job") stole sheets that I developed and four fifths of the companies admin use them. To prove doing my job good enough.
> 4. Being called by an assistant sales manager to discuss work matters that caused him to work longer hours each day, referenced top of page 8. It happened once, when the job was already completed yet continued his rant.
> 5. There is a witness for all of this.

(Id. at 2.) Any new facts alleged in Bean's Response cannot be considered because "a plaintiff cannot through the use of motion briefs amend the complaint." Jeffries v. Wal-Mart Stores East, LP, No. GJH-15-473, 2016 WL 430479, at *4 (D. Md. Feb. 3, 2016) (internal quotations omitted) (citing Zachair Ltd. v. Driggs, 965 F. Supp. 741, 748 n.4 (D. Md. 1997)); see also E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011) (noting that in deciding a Rule 12(b)(6) motion, the district court may consider the complaint and any attached or incorporated documents, but going beyond those documents converts the motion into one for summary judgment, which is improper when the parties have not had an opportunity to conduct discovery.) Thus, the Court will only consider the legal arguments made in Bean's Response.

II.

"In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993) (cert. denied sub nom Am. Home Prod. Corp. v. Mylan Lab., Inc., 510 U.S. 1197

(1994)). To state an adequate claim and thereby avoid dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)).

Furthermore, where a claim is brought by a pro se plaintiff, the complaint should be liberally construed. Rigg v. Urana, 113 F. Supp. 3d 825, 828 (M.D.N.C. 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). However, despite its liberal construction, the complaint still must "raise a right to relief above the speculative level." Id. (quoting Twombly, 550 U.S. at 555). Furthermore, the Court cannot "advocate for a pro se litigant or rewrite h[is] complaint." Id. (citing Laber v. Harvey, 438 F.3d 404, 413 n.3 (4th Cir. 2006) & Gordon, 574 F.2d at 1152-53).

A.

As an initial matter, Trident argues that while the Civil Cover Sheet "suggests" that Bean's claims are brought under the Civil Rights Act of 1964, "the Complaint fails to identify a specific state or federal statute, regulation, or other legal grounds for such a claim." (Trident's Br. at 4-5.) According to Trident, this failure coupled with insufficient factual allegations render Bean's claims "unsupported" and "conclusory." (Id. at 5.) Trident's argument falls flat, because

5

although Bean does not state the legal basis for the claim in his Complaint, the Complaint and Civil Cover Sheet provide the necessary notice contemplated by the Federal Rules of Civil Procedure. See Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995); see also Caldwell v. United Parcel Serv., Inc., No.7:15-cv-00358, 2015 WL 6159509, at *1 (W.D. Va. Oct. 20, 2015) (considering the civil cover sheet and complaint filed by a pro se plaintiff to determine the legal basis of his claims). "All that is required is that the pleaded claim afford the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." Id. (internal quotations omitted). In this case, Trident clearly understands the nature and basis of the claim. In its motion to dismiss, Trident readily identified Title VII of the Civil Rights Act of 1964 as the legal basis for Bean's claims. (See Trident's Br.) Therefore, this argument has no merit.

B.

Bean alleges two violations of Title VII of the Civil Rights Act of 1964 ("Title VII")—that he was retaliated against, and that he was wrongfully terminated. (See Compl. & Civil Cover Sheet.) Title VII "bars employers from discriminating on the basis of race, color, religion, sex or national origin." Netter v. Barnes, 908 F.3d 932, 937 (4th Cir. 2018) (internal quotations omitted) (quoting Pub. L. No. 88-352, § 703, 78 Stat. 241, 255 (1964)); 42 U.S.C. § 2000e-2.

Claims made under Title VII that are subject to a motion to dismiss are evaluated under the same pleading standards as those articulated by the Supreme Court in Iqbal and Twombly. Woods v. City of Greensboro, 855 F.3d 639, 647

(4th Cir. 2017) ("In Iqbal, the Court made clear that this heightened standard applied to all civil actions, including claims of discrimination."). The Fourth Circuit has clarified that while a plaintiff must meet the pleading standards established by Iqbal and Twombly, he is not required to "plead facts establishing a prima facie case of discrimination to survive a motion to dismiss." Id. at 648 (quoting McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 585 (4th Cir. 2015)). But, he must make sufficient allegations to "nudge his claims . . . across the line from conceivable to plausible." Id. at 647 (quoting Iqbal, 556 U.S. at 680).

1.

Bean first claims he was retaliated against because he reported his assistant sales manager's harassment. (See Compl. at 2.) Title VII "prohibits retaliation by an employer against an employee because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." Netter, 908 F.3d at 937 (citing 42 U.S.C. § 2000e-3(a)).

While Bean is not required to plead a prima facie case of retaliation, some courts nevertheless consider the prima facie elements of the claim to help determine if a plaintiff's claims as pleaded "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Woods 855 F.3d at 647. See e.g., Ricketts v. Logics, LLC, No. 5:15-CV-00293-D, 2016 WL 4051852, at *6 (E.D.N.C. July 27, 2016) (considering the prima facie elements of

7

a Title VII retaliation claim in evaluating whether to grant a motion to dismiss the claim); Parker v. Ciena Corp., No. WDQ-14-4036, 2016 WL 153035, at *6 (D. Md. Jan. 12, 2016) (considering the same). Therefore, it is helpful to consider the three elements of a prima facie case of retaliation: (1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action. Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 281 (4th Cir. 2015) (en banc).

There are two categories of protected activity under Title VII: participation and opposition. Netter, 908 F.3d at 937. Protected participation activity refers to participation in any investigation, proceeding, or hearing occurring under Title VII. Id. Protected participation activities receive absolute protection even when they are plainly unreasonable or irrelevant. Id.

In contrast, opposition activity provides "qualified protection to a wide range of conduct." Id. Protected opposition activity is a broader category than participation activity and includes activities such as "staging informal protests and voicing one's own opinions in order to bring attention to an employer's discriminatory activities or complaining to superiors about suspected violations." Parker, 2016 WL 153035, at *6 (internal quotations omitted) (citing Laughlin v. Metro. Wash. Airports. Auth., 149 F.3d 253, 259 (4th Cir. 1998) & Bryant v. Aiken Reg'l Med. Ctrs., Inc., 333 F.3d 536, 543-44 (4th Cir. 2003)). For an employee's activity to constitute a protected opposition activity, the employee must show, first, "that [he] reasonably believed that the employment action [he]

8

opposed constituted a Title VII violation" and, second, "that [his] conduct in opposition was reasonable." Netter, 908 F.3d at 937-38 (citing Boyer-Liberto, 786 F.3d at 282 & Laughlin, 149 F.3d at 259-60).

In addition to alleging facts regarding his participation in protected activity, Bean must also allege that his employer took an adverse employment action against him. An adverse employment action is "a discriminatory act that adversely affects the terms, conditions, or benefits of the plaintiff's employment." Ricketts, 2016 WL 4051852, at *6 (internal punctuation omitted) (quoting Holland v. Washington Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007)). "In the context of a retaliatory discharge, this means an employee may proceed by showing directly that [he] was fired in retaliation for protected activity . . . ." Netter, 908 F.3d at 938.

Using the prima facie elements as a guide, Bean has not alleged sufficient facts to state a claim for retaliation under Title VII. Taking the facts in the light most favorable to Bean, he has alleged an adverse employment action by stating he was fired. (See Compl., Statement of Claim, #3.) However, he has not sufficiently alleged that he engaged in protected activity. There are no facts in Bean's Complaint to suggest that he participated in any investigation, proceeding or hearing for which his employer then retaliated against him. (See generally Compl.) Therefore, he has not alleged that he engaged in protected participation activity. Accordingly, to show protected activity, he must have alleged that he participated in protected opposition activity. While Bean does allege that he was

9

told he "needed to be replaced by a nice looking girl with a bubbly attitude and big boobs," (Compl. at 2), given the wording of the comments made to Bean, a reasonable person would not believe that such comments constituted a violation of Title VII, and therefore this allegation does not constitute a protected opposition activity.

Furthermore, Bean discusses harassment only in the context of the assistant sales manager calling him on his personal cell phone while at work and discussing work related issues. (See id.) He does not allege that any of the harassment he received from the assistant sales manager during these calls was related to gender or any other classification protected by Title VII or some other federal statute or rule. (Id.) Finally, Bean does not make it clear if he reported to his supervisor the comments made to him about a female replacement, which do not constitute protected activity, (see supra), or if he simply reported the phone calls that were unrelated to gender, and therefore not protected under Title VII. (Id.) In sum, Bean has not stated a plausible claim for retaliation, and therefore, this claim must be dismissed.

2.

Bean's second claim alleges that he was wrongfully terminated in violation of Title VII. (See Compl. at 1.) Title VII prohibits discharge of any individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). As with his retaliation claim, Bean is not required to plead a prima facie case of wrongful termination, but the Court may consider the prima

10

facie elements to determine if he has alleged sufficient facts to state a claim. The prima facie elements of wrongful termination are: (1) the plaintiff is a member of a protected class; (2) he suffered an adverse employment action; (3) he was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class. Scott v. Health Net Fed. Servs., LLC, 463 F. App'x 206, 208 (4th Cir. 2012) (citing Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004) (en banc)).

Taking the facts in the light most favorable to Bean, he has not alleged sufficient facts to state a claim for wrongful termination. As with his claim for retaliation, he has alleged an adverse employment action by stating that he was fired. (See Compl. at 2.) However, he has not alleged that he is member of a protected class, that he was performing his job duties at a level that met his employer's legitimate expectations, or that his position remained open or was filled by an applicant outside of his protected class.[2] (See generally id.) Without these factual allegations, Bean has not alleged a plausible claim for wrongful termination, and therefore, this claim must be dismissed.

III.

---

[2] In Bean's Response, he states that he is male and that he was replaced by a female. (Bean's Resp. at 2.) However, as mentioned previously, the Court cannot consider factual allegations that were not present in the Complaint and solely appear in Bean's Response. See supra at 4.

For the reasons stated above, IT IS HEREBY ORDERED that Defendant Trident Marketing's Motion to Dismiss for Failure to State a Claim [Doc. #8] be GRANTED, and this action be DISMISSED WITHOUT PREJUDICE.[3]

This the 3rd day of May, 2019.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge

---

[3] See Alley v. Yadkin Cty Sheriff Dep't, 698 F. App'x 141, 142 (4th Cir. 2017) (stating that "even when a plaintiff fails to allege sufficient facts against a particular defendant to survive a Rule 12(b)(6) motion, where the district court neither gave the plaintiff the opportunity to amend nor did it engage in any discussion as to why amendment would be futile, the dismissal should generally be without prejudice") (internal quotations omitted).